| Case No. | CR08-571-CAS | | Date | September 5, 2013 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | Stephanie Christensen, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RANDY MITCHELL | NOT | X | | DAVID KALOYANIDES | NOT | | X |

**Proceedings:**   (In Chambers) DEFENDANT'S MOTION TO REDUCE SENTENCE
(Docket #53, filed August 13, 2012)

On February 2, 2009, pursuant to a plea agreement, defendant pled guilty to one count of intentionally distributing twelve grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). The applicable guideline range for defendant was 188 to 235 months, which was based on 12.27 grams of crack cocaine, a three level downward adjustment for acceptance of responsibility, and the defendant's status as a career offender. Finding that defendant's life history and other facts should result in a sentence lower than the Career Offender advisory guidelines, the Court concluded that a variance was appropriate pursuant to 18 U.S.C. § 3553(a). Accordingly, the Court sentenced defendant to 110 months of imprisonment.

On January 1, 2013, defendant filed a motion to reduce his sentence to time served pursuant to the Fair Sentencing Act ("FSA"), 124 Stat. 2372. Defendant's motion, however, is foreclosed by the holding in United States v. Pleasant, 704 F.3d 808 (9th Cir. 2013). In Pleasant, the defendant pled guilty as a career offender pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. Nonetheless, the trial court granted a downward variance, sentencing him under the crack-cocaine guidelines rather than the Career Offender guidelines. After the Fair Sentencing Act was passed into law in 2010, the defendant moved to reduce his sentence. The district court granted this motion, and the government appealed the reduction in sentence. On appeal, the Ninth Circuit held that the district court's reduction of the sentence was barred by a provision of the FSA requiring that sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In <u>Pleasant</u>, as in this case, the "applicable policy statement" is U.S.S.G. § 1B1.10(a)(1). Under § 1B1.10(a)(1), sentences can only be reduced when the "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . ." U.S.S.G. § 1B1.10(a)(1). The defendant in <u>Pleasant</u> argued that, despite his plea as a career offender, the "applicable policy statement" should be the subsequently-amended crack-cocaine guidelines that actually determined his sentence. The Ninth Circuit, however, concluded that the "guideline range applicable" to the defendant is determined before any departures and variances are taken into account:

> Application Note 1(A) [to § 1B1.10(a)(1)] clarifies that § 3582(c)(2) "is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*)." This language was added to resolve a circuit split that had arisen over whether a defendant's "applicable guideline range" should be derived before or after the application of a departure or variance. In short, Amendment 759 makes clear that the applicable guideline is derived pre-departure and pre-variance.

<u>Pleasant</u>, 704 F.3d at 811-12 (citations omitted). Put differently, district courts may only reduce a sentence when the "guideline range applicable" to the defendant is later lowered, even if the defendant was not actually sentenced pursuant to that guideline range. And because the "guideline range applicable" to the defendant in <u>Pleasant</u> were the Career Offender guidelines—which were not amended to lower the crack-cocaine penalties—he was not eligible for a sentence reduction.

The holding of <u>Pleasant</u> controls here. Like the defendant in <u>Pleasant</u>, defendant (1) was sentenced as a career offender[1] and (2) was granted a downward departure below the Career Offender Guidelines. Accordingly, the "guideline range applicable" to defendant is the Career Offender Guidelines. Because the Career Offender guidelines have not been "lowered as a result of an amendment," U.S.S.G. § 1B1.10(a)(1), this Court lacks the authority under § 3582(c)(2) to reduce defendant's sentence. The Court thus does not reach the factors for

---

[1] Unlike in <u>Pleasant</u>, defendant's plea agreement did not stipulate that defendant was a career offender. At sentencing, however, the Court found that defendant was a career offender. <u>See</u> Transcript of January 30, 2009 Hearing at 4–5.

**CRIMINAL MINUTES - GENERAL**

sentence reduction set forth in 18 U.S.C. § 3553(a).  <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691(2010).

Accordingly, defendant's motion to reduce his sentence is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |